UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JANE S., | Case No. 6:20-cv-00219-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

Plaintiff Jane S.[1] ("Plaintiff") seeks judicial review of the defendant Commissioner of Social Security's ("Commissioner") decision, based on the principle of res judicata, denying her request for a hearing on her 2013 application for Title II disability benefits. The Commissioner argues that under Federal Rule of Civil Procedure 12(h)(3), this court is without subject matter jurisdiction to review the merits of the Commissioner's decision because that decision is not a

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

"final decision" under 42 U.S.C. § 405(g).  The court finds that the Commissioner's decision to dismiss the case based on res judicata grounds is not a "final decision" over which this court may exercise subject matter jurisdiction.  Accordingly, Plaintiff's appeal is dismissed.[2]

*Procedural Background*

On November 27, 2007, Plaintiff initially filed a Title II application for a period of disability and disability benefits alleging disability since October 1, 1997, due to hearing loss, nose, back problems, and a learning disability.  Tr. Soc. Sec. Admin. R. ("Tr.") at 578, 580, 623 ECF No. 9.  Plaintiff's date last insured ("DLI") for Title II benefits was December 31, 2002.  Tr. 579.  Plaintiff's application was denied on February 11, 2008, finding her not disabled through her DLI.  Tr. 574–78, 598, 1571.  Plaintiff "was not represented and never appealed that determination," making it administratively the final outcome of her 2007 application.  Tr. 623.

On June 12, 2013, Plaintiff protectively filed another Title II application alleging disability since July 1, 1999, due to hearing problems; back problems; Irlen Syndrome; arthritis in hands and feet; migraine headaches; and hand, wrist, feet, and knee problems. Tr. 587, 579, 796–802.  Plaintiff's DLI remained December 31, 2002. Tr. 579.   Her new application was denied initially and upon reconsideration. Tr. 626–30, 635–48. Plaintiff then requested an administrative hearing to determine her disability (Tr. 647–48), which was held on December 1, 2015, where an attorney represented her (Tr. 684–719).   On December 24, 2015, the ALJ dismissed Plaintiff's request for a hearing, finding that the doctrine of res judicata applied and that her 2008 determination remained final and binding as to her eligibility for Title II disability benefits.  Tr. 602–03.  Plaintiff requested review of the hearing decision, which the Appeals Council ("AC") denied on June 10,

---

[2] The parties have consented to jurisdiction by magistrate judge, pursuant to 28 U.S.C. § 636(c)(1).

Page 2 – OPINION AND ORDER

2016. Tr. 604–06; *see also* Tr. 1194–96. Plaintiff subsequently filed a complaint in this court and, per a stipulated agreement, on February 1, 2017, this court remanded Plaintiff's case to the ALJ to hold a supplemental hearing that addressed dismissal for res judicata under SSR 91-5p. Tr. 614, 625.

Upon remand, the AC found that "the ALJ's determination that the doctrine of res judicata applied is not supported by substantial evidence." Tr. 624. The ALJ had conducted the hearing without giving Plaintiff any notice of potential dismissal and had not proffered evidence of her 2008 determination. Tr. 623–24. Evidence of mental impairment also potentially justified extending the deadline for reviewing Plaintiff's 2008 determination. Tr. 624–25. The AC noted that "the record does not identify what 'evidence' was 'considered in reaching the previous determination,'" and that the record contains new and material evidence that was not before the state agency in 2008. Tr. 624. The AC also found that "substantial evidence does not support the ALJ's determination that the deadline for requesting review of the 2008 initial determination should not be extended." Tr. 624. The AC noted that Plaintiff has documented mental impairments and was not represented at the time of the 2008 denial, which "suggest a reasonable doubt as to the claimant's ability to carry out the procedures necessary to request review." Tr. 624–25. The AC remanded the case to the ALJ for a supplemental hearing. Tr. 625.

On October 25, 2018, while represented, Plaintiff had another hearing with the ALJ. Tr. 1580–1614. On November 20, 2018, with extensive discussion of the evidence of Plaintiff's mental capacity, the ALJ again dismissed Plaintiff's request for a hearing on her disability claim, citing res judicata and the administrative finality of her 2008 determination. Tr. 7–11. Plaintiff

sought review of the dismissal and the AC denied the request. Tr. 1–2. Plaintiff then filed her appeal with this court.

*The ALJ's Decision*

The ALJ was instructed, on remand, to hold a supplemental hearing to address the extension of the deadline to request review per SSR 91-5p, res judicata, and dismissal. Tr. 625. Additionally, the ALJ was instructed to make findings, as necessary, following the sequential evaluation process outlined in 20 CFR 404.1520. Tr. 625. With respect to whether res judicata applies to Plaintiff's claim, the ALJ noted that Plaintiff admits her current claim involves "the same party (the claimant), the same law (eligibility for Disability Insurance Benefits), and the same facts (affecting the period July 1, 1999 to December 31, 2002)." Tr. 8. Subsequently, the ALJ addressed Plaintiff's argument that an exception to res judicata applied because the Plaintiff "did not have the mental capacity to understand her appeal rights when she received her determination of nondisability on February [11], 2008." Tr. 8.

In response to Plaintiff's argument that she lacked the cognitive ability to understand the nondisability notice, the ALJ noted the Plaintiff "admitted she completed high school and has a degree in graphic design, and did drafting of electrical and mechanical diagrams professionally." Tr. 8. Additionally, the ALJ cited Plaintiff's 2007 testing, in which she "showed a full-scale intelligence quotient of 112, which is above average." Tr. 8. The ALJ also relied on Plaintiff's active engagement in "significant vocational activities" near the same time she received the on February 11, 2008 notice that her disability benefits had been denied:

> In August 2011, she reported she owns three houses, which she rents to others, and she was trying to decide whether to get a job or return to school or do both (Ex 7F/10). This was the same theme of her reports in June 2011, when she reported "transitioning from a stay at home mom to the workforce" (Ex 7F/19). In June 2011, she pursued a volunteer opportunity at a rental company (Ex 7F/18). In May

Page 4 – OPINION AND ORDER

> 2011, she tried to find work through a State employment office (Ex 7F/20). In the course of her job search, she reported she planned to return to school at Lane Community College if she was still unemployed in September 2011 (Ex 7F/21). On July 1, 2010, the claimant reported she had been busy with three rental houses (which she apparently managed at that time), two home-stay (foreign) students, her 17-year-old daughter, and her boyfriend (Ex 7F/53). She reported she needed to set firmer boundaries with the students staying in her home, her daughter, and her boyfriend (Ex 7F/53). In 2007, she reported her involvement with the rentals was collecting rents, bookkeeping, cleaned the rentals, and did "a certain amount of repair" on the rentals (Ex 4F/4).

Tr. 8. From this evidence, the ALJ determined the Plaintiff did not lack the mental capacity to understand the actions she needed to complete in order to file an appeal. Tr. 9.

Regarding the issue of extending the deadline to request review per SSR 91-5p, the ALJ found no reason the February 11, 2008 determination should not remain administratively final. Tr. 9. Additionally, the ALJ noted that "none of the conditions for reopening set forth in 20 CFR 404.988, 404.989 is present in this case." Tr. 9. The ALJ then addressed the question whether the same facts and same issues are involved, comparing the evidence considered in reaching the previous determination with the evidence proffered by Plaintiff in the current claim. Tr. 9. The ALJ determined "no new and material evidence has been submitted and there has been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period." Tr. 9. The ALJ pointed out that some medical evidence was not new, and that some was new but not material. Specifically, the ALJ noted that:

> records from December 10, 1999 to January 6, 2000 from West Eugene Physical therapy; from August 3, 1999 from Gary Felter, D.C.; from December 17, 2000 and October 5, 1999 from Sacred Heart Medical Center; from August 5, 1999 to July 13, 2000 from Oregon Neurology Specialists; from February 2, 2008 from Dene F. Walker, Disability Determination Service (DDS); and from February 5, 2008 from Martin Kehrli, M.D., DDS are not new evidence (Ex 21F-27F).

Tr. 9.

Page 5 – OPINION AND ORDER

The ALJ also specifically addressed evidence of Plaintiff's mental illness and learning disorder:

> To wit, although made by a non-acceptable medical source, prior to the date last insured an LPC opined "I see no evidence that would lead me to believe that [the claimant] is mentally ill." (Ex l 7F/2). This suggests the LPC's observations of symptoms. A Vocational Rehabilitation Counselor referred to an evaluation from Dr. Kurlychek, PhD, referring to diagnosis of adjustment disorder with mixed anxiety and depressed mood; learning disorder NOS (not otherwise specified); personality disorder with dependent and borderline features. No organic impairment was found. (16E/5). However, the actual evaluation was never produced and Dr. Kurlychek stated he was not comfortable releasing it to Lane Community College. (Ex l 8F). The letter from the Vocational Rehabilitation Counselor was not new and without Dr. Kurlychek's evaluation there is no new and material medical evidence regarding the claimant's asserted mental health condition(s).

Tr. 9.

The ALJ discussed in detail improvement of Plaintiff's low back condition following her operation in October 5, 1999. Tr. 10. Specifically, the ALJ cited a January 4, 2000 report which noted Plaintiff's had related that her lumbar spine pain had decreased. The ALJ also relied on a January 6, 2000 physical therapy note showing Plaintiff

> continued to have improvement in her lumbar and hip flexibility, pain, and strength. She reported the ability to now walk greater than 1 mile without pain. She noted good tolerance to her home program at this time. Her functional index score was 70% and pain was 3/10 with perceived improvement of 9/10. Work status was returned to work with modification. (Ex 23F/19). The assessment went on to state that the claimant currently met all PT goals set for her. Her lumbar AROM was approximately 75% of AMA guidelines. She was tolerating her home conditioning, flexibility, and strengthening program well. She had also return to her work as a property manager with limiting her lifting or bending. (Ex 23F/19).

Tr. 10.

The ALJ further highlights Plaintiff's low back improvement, citing an AP and lateral lumbar spine x-ray showing the "pedicle screws continue to be in excellent position and that her fusion was healing nicely. The curvature of her lumbar spine was normal. The provider was

quite pleased with the appearance of this postoperative x-ray." Tr. 10. The ALJ notes that by July 13, 2000, eight months after her L5-Sl post-fusion, Plaintiff was doing well and had returned to her normal work duties without difficulty. Tr. 10. Plaintiff denied the information in the notes and testified she "could not sit/stand for longer than 1 hour." Tr. 10. Thus, the ALJ concluded "the new medical evidence was inconsistent with the claimant's complaints of ongoing back pain and do not represent 'material' medical evidence." Tr. 10.

Because the ALJ found Plaintiff had the mental capacity to understand the steps needed to appeal and the current claim addressed the Plaintiff's rights on the same facts and same issues as the previous claim, the ALJ found that the doctrine of res judicata applies. Tr. 10. Therefore, the ALJ concluded the previous determination remained final and binding. Tr. 10.

### *Standard of Review*

Under Federal Rule of Civil Procedure 12(h)(3) ("Rule 12(h)(3)"), the defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears the court lacks jurisdiction. FED. R. CIV. P. 12(h)(3); *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982); *Wright & Miller* § 1393, at 863–64. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); FED. R. CIV. P. 12(b)(1).

\\\\\
\\\\\

*Discussion*

This court may not exercise jurisdiction over this appeal because jurisdiction requires a final agency decision, and a decision based on res judicata grounds is not a final decision subject to judicial review.

I.	The Court's Jurisdiction to Review the Petition to Reopen

Notwithstanding the sovereign immunity generally afforded the Social Security Administration ("SSA"), Congress authorized judicial review of, and federal court subject-matter jurisdiction over, certain decisions made by the Commissioner. *Kenney v. Barnhart*, SACV 05–426 MAN, 2006 WL 2092607, at *7 (C.D. Cal. July 26, 2006). For claims arising under the Social Security Act, 42 U.S.C. § 405(g) provides the sole avenue for judicial review. *Milsap v. Soc. Sec. Admin.*, CV 10–1757–PHX–JAT, 2011 WL 2135079, at *2 (D. Ariz. May 31, 2011). Section 405(g) allows district courts to review decisions of the Commissioner after a discretionary appeal from an adverse final decision by an ALJ. 42 U.S.C. § 405(g); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir.2001). Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

A claimant is entitled to receive meaningful notice and an opportunity to be heard before her claim for benefits may be denied. *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 722–23 (9th Cir. 1985). A hearing affords the opportunity for a claimant to present her case and for an adjudicator to see the claimant and "engage in a searching factual inquiry . . . and should result in more accurate decision-making." *Id.* A disability determination becomes a "final decision" only after a four-step administrative inquiry: (1) initial determination; (2) reconsideration

Page 8 – OPINION AND ORDER

determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a). If a claimant fails to proceed through each step and exhaust his or her administrative remedies, the decision is not final and the court has no jurisdiction to review it. *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989); *Cardot v. Astrue*, 2011 WL 3924830, at *1 (W.D. Wash. Aug. 22, 2011).

If the Commissioner renders an unfavorable final decision, a claimant may petition the Commissioner to reopen his or her case for reconsideration on the merits. *Califano v. Sanders*, 430 U.S. 99, 109 (1977). The decision to reopen a previously-rendered final decision is discretionary, and the Commissioner may deny the claimant's petition without a hearing. *Id.* The Commissioner's refusal to reopen is not itself a final decision, and district courts have no jurisdiction to review decisions denying a petition to reopen unless the claimant challenging the decision asserts a colorable constitutional claim. *Id.*

One constitutional issue which can give rise to a district court's jurisdiction occurs when the Commissioner misapplies res judicata. *Krumpelman v. Heckler*, 767 F.2d 586, 589–90 (9th Cir. 1985). The doctrine of res judicata applies to administrative proceedings by virtue of 41 U.S.C, § 405(h),[3] and is an appropriate ground for denying a petition to reopen. Res judicata is important to serve the Commissioner's interest in expediency and finality, but "enforcement of that policy must be tempered by fairness and equity." *Thompson v. Schweiker*, 665 F .2d 936,

---

[3] "(h) Finality of Commissioner's decision: The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter. 42 U.S.C.A. § 405 (2020)."

Page 9 – OPINION AND ORDER

940 (9th Cir. 1982). However, when "the record is patently inadequate to support the findings the ALJ made, application of res judicata is tantamount to a denial of due process." *Id.* at 940–41. Thus, where an ALJ's misapplication of administrative res judicata results in a denial of due process, the court may exercise jurisdiction over the case even though it is not a final decision. *Krumpelman*, 767 F.2d at 589–90.

Before the court addresses the merits of Plaintiff's argument, the court must determine whether it has jurisdiction in the first instance to review the ALJ's decision to apply res judicata. Although the court has limited jurisdiction to review the merits of the Commissioner's discretionary decisions, it retains "jurisdiction to determine its own jurisdiction by examining the res judicata predicate . . . ." *McGowen v. Harris*, 666 F.2d 60, 64–65 (4th Cir. 1981) (cited favorably by *Krumpleman*, 161 F.2d at 588–89). According to *McGowen*:

> [U]pon a challenge to its jurisdiction on the basis that administrative res judicata has been applied in bar of a claim, or that discretionary reopening of a previously denied claim has been denied, or both, the district court has jurisdiction to determine, as appropriate, whether res judicata has been properly applied, or whether, though res judicata might properly have been applied, the claim has nevertheless been reopened.

666 F.2d at 66. Alternatively, the court may assert jurisdiction if the Commissioner explicitly or implicitly granted Claimant's request to reopen her initial decision and rendered a final decision on the merits. *Id.* at 67–68.

Here, Plaintiff does not specifically claim that she was denied due process—only that the Commissioner incorrectly applied res judicata to the present case.[4] Because this case does not

---

[4] In her reply, Plaintiff identifies for the first time a constitutional claim, citing *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001), "'[w]here a claimant alleges that a prior determination should be reopened because [s]he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits, [as in the present case, s]he has asserted a colorable constitutional claim.'" (Pl.'s Reply, ECF No. 12, at 2.) The court does not address this issue

Page 10 – OPINION AND ORDER

involve independent constitutional issues, the court must dismiss Plaintiff's case for lack of subject matter jurisdiction unless: (1) the Commissioner incorrectly applied res judicata or (2) the Commissioner reopened the case by deciding the case on the merits.

*A. Application of Res Judicata*

A claim may be dismissed on res judicata grounds if the claim at issue involves the "same claim" which rests on identical facts and issues of law. *Hackler v. Astrue*, No. 09–395–CV–W–FJG, 2010 WL 1752130, at *2 (W.D. Mo. May 3, 2010); *Stuckey v. Weinberger*, 488 F.2d 904, 911 (9th Cir. 1973). If the Commissioner renders a final decision unfavorable to the claimant in the first case, the claimant is thereafter presumed non-disabled. *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1988). The claimant may overcome this presumption only by submitting "new and material evidence" of disability. *Id.* Even if the trailing case involves new facts and issues, "[t]he first ALJ's findings concerning the claimant's residual functional capacity, education, and work experience are entitled to some res judicata consideration." *Id.* at 694.

Res judicata is not applicable to bar claims resting on different facts than those in a prior case, however. For example, res judicata is inapplicable to dismiss a renewed claim for disability involving a period of alleged disability that was not adjudicated in a prior claim. Soc. Sec. Admin., *Acquiescence Ruling 97–4(9)* (Dec. 3, 1997). Because there is a new period at issue, the second claim is not the "same case" and is not precluded by the first case. *Id.* The Social Security Administration explained that where a claimant brings forth new evidence not available in the first case, the Commissioner must

> [a]pply a presumption of continuing nondisability and, if the presumption is not rebutted by the claimant, determine that the claimant is not disabled; and (2) if the

---

because Plaintiff does not assert an independent constitutional issue; furthermore, Plaintiff has waived any argument not raisebecause Plaintiff did not assert it in her opening brief.

Page 11 – OPINION AND ORDER

presumption is rebutted, adopt certain findings required under the applicable sequential evaluation process for determining disability, made in the final decision by the ALJ or the Appeals Council on the prior disability claim.

*Id.*

Plaintiff alleges the Commissioner incorrectly applied res judicata to this case because she, first, established good cause for missing the deadline to request review of the prior determination of non-disability; and second, presented evidence of changed circumstances and was unrepresented in her prior disability claim. (Pl.'s Br., ECF No. 17, at 6–14.)

1. Plaintiff Fails to Establish Good Cause

The ALJ found Plaintiff did not lack the mental capacity to understand the steps she needed to complete to file an appeal. Tr. 7–11. Therefore, Plaintiff failed to establish good cause for extending the deadline to request review of the prior determination of non-disability. The ALJ cited extensively to Plaintiff's medical record and her engagement in significant vocational activities around the time of her determination of non-disability to support his determination. The ALJ's discretionary determination was supported by substantial evidence. Thus, this court may not exercise jurisdiction over this appeal because the decision is based on res judicata grounds and not a final decision subject to judicial review.

Furthermore, Plaintiff also fails to establish that the Commissioner reopened Plaintiff's first claim and rendered a second final decision. An ALJ may purport to deny a petition to reopen on the basis of res judicata while nonetheless delving deeply into the merits of the case to be reopened. When this occurs, appellate courts treat it as if the ALJ granted the claimant's petition, and exercised jurisdiction to review the legal sufficiency of the Commissioner's action. *See Farley v. Califano*, 599 F.2d 606, 608–09 (4th Cir. 1979) (reviewing the decision of an ALJ despite invocation of res judicata because the decision "appears to be a decision on the merits"). When

denying a case on res judicata grounds, however, the ALJ need not avoid discussing the merits of a case at all costs. The Ninth Circuit, relying on *McGowen*, has reasoned that the Secretary "must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim, and if so, whether it should nevertheless be reopened as a discretionary matter." *Krumpleman*, 161 F.2d at 589. The court will refuse to exercise jurisdiction so long as "the discussion of the merits is followed by a specific conclusion that the claim is denied on res judicata grounds." *Id.*

In the ALJ's opinion disposing of Plaintiff's claim on res judicata grounds, the ALJ specifically noted that Plaintiff admitted her current claim involved "the same party (the claimant), the same law (eligibility for Disability Insurance Benefits), and the same facts (affecting the period July 1, 1999 to December 31, 2002)." Tr. 8. The ALJ thus did not delve deeply into the merits of Plaintiff's first claim, and specifically concluded that Plaintiff's petition to reopen was denied on the basis of res judicata and, therefore, the court concludes the Commissioner did not reopen Plaintiff's first disability claim. Because the Commissioner's denial of Plaintiff's petition to reopen her claim for benefits properly applied res judicata and raised no constitutional issues, it is not a reviewable final decision. As a result, this court has no jurisdiction to consider Plaintiff's claim, and must dismiss the suit now before it.

2. Plaintiff Fails to Establish Changed Circumstances

A prior denial of disability creates a presumption of continuing non-disability after the date of the first denial. *Vazquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009). The presumption is consistent with the principles of res judicata, and precludes reconsidering the prior ALJ's findings. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008); *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (citing *Chavez v. Bowen*, 844 F.2d 691, 693 (9th

Cir. 1988)). The presumption of continuing non-disability may be rebutted by new evidence material to the issue of disability that demonstrates "changed circumstances" during the unadjudicated period following the first denial. *Stubbs-Danielson*, 539 F.3d at 1173. Changed circumstances may include evidence of: (1) a new impairment, (2) a change in a claimant's age category, (3) an increase in severity of a previously adjudicated impairment, or (4) if the claimant was not represented by counsel in the prior denial. *See Lester*, 81 F.3d at 827; *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988).

Here, Plaintiff argues she "presented evidence of changed circumstances and was unrepresented in her prior disability claim," and therefore the doctrine of res judicata should not be applied rigidly. (Pl.'s Br. at 11.) Plaintiff misapplies the law to her facts, however. As the Ninth Circuit established in *Stubbs-Danielson*, the presumption of continuing non-disability may be rebutted by new evidence material to the issue of disability that demonstrates "changed circumstances" during the unadjudicated period following the first denial. 539 F.3d at 1173. Here, Plaintiff's 2013 claim involves the same adjudicated period as her 2007 claim. As the ALJ noted, Plaintiff admits her current claim involves "the same party (the claimant), the same law (eligibility for Disability Insurance Benefits), and the same facts (affecting the period July 1, 1999 to December 31, 2002)." Tr. 8. Therefore, the Ninth Circuit's *Stubbs-Danielson* "changed circumstances" analysis is inapplicable in the instant case because Plaintiff's 2013 claim affects the same time period as her 2007 claim and does not address an unadjudicated period following the first denial.

*Conclusion*

For the aforementioned reasons, this court finds the Commissioner's decision to dismiss the case based on res judicata is not a "final decision" over which this court may exercise subject

matter jurisdiction. Thus, this court has no jurisdiction to review the merits of this case. Accordingly, Plaintiff's appeal is DISMISSED.

    IT IS SO ORDERED.

    DATED this 21st day of September, 2021.

_____
JOHN V. ACOSTA
United States Magistrate Judge

Page 15 – OPINION AND ORDER